# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CRISTIAN DAL BOSCO, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

NRX PHARMACEUTICALS, INC., JONATHAN C. JAVITT, and WILLIAM FRICKER,

Defendants.

Case No. 1:22-cv-00066-MN

CLASS ACTION

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

*Proposed Lead Counsel for Proposed Lead Plaintiff Larry D. Creasy Jr.*:

Danielle S. Myers
Jennifer N. Caringal
Michael Albert
Juan Carlos Sanchez
ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

ANDREWS & SPRINGER LLC
Peter B. Andrews (#4623)
David M. Sborz (#6203)
4001 Kennett Pike, Suite 250
Wilmington, Delaware 19807
Telephone: (302) 504-4957
Fax: (302) 397-2681
pandrews@andrewsspringer.com
dsborz@andrewsspringer.com

*Delaware Counsel for Proposed Lead Plaintiff Larry D. Creasy Jr.*

Dated: March 21, 2022

# TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................................................i

I. PRELIMINARY STATEMENT ..................................................................................1

II. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ........................1

III. SUMMARY OF ARGUMENT ...................................................................................2

IV. STATEMENT OF FACTS..........................................................................................2

V. ARGUMENT................................................................................................................3

    A. Mr. Creasy is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff..................................................................................................3

        1. This Motion Is Timely ................................................................4

        2. Mr. Creasy Has the Largest Financial Interest in the Relief Sought by the Class...........................................................................4

        3. Mr. Creasy Otherwise Satisfies the Requirements of Fed. R. Civ. P. 23 ...................................................................................4

    B. The Court Should Approve Mr. Creasy's Selection of Counsel.................6

VI. CONCLUSION.............................................................................................................8

# TABLE OF AUTHORITIES

<strong>Page(s)</strong>

**Cases**

*In re Am. Realty Capital Props., Inc. Litig.*,
 Case No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 21, 2020) ................................................. 6, 7

*Borrego v. Ruckus Wireless, Inc.*,
 Case No. 1:16-cv-00340-SLR (D. Del. Aug. 24, 2016) ........................................................ 7

*In re Cardinal Health, Inc. Sec. Litig.*,
 Case No. 2:04-cv-00575-ALM (S.D. Ohio)........................................................................... 7

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) ..........................................................................................4, 5, 6

*In re Enron Corp. Sec. Litig.*,
 Case No. 4:01-cv-03624 (S.D. Tex.) ..................................................................................... 7

*In re HealthSouth Corp. Sec. Litig.*,
 Case No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) .................................................................. 7

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
 Case No. 8:15-cv-00865-AG (C.D. Cal.)............................................................................... 7

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
 Case No. 1:02-cv-05893 (N.D. Ill.) ....................................................................................... 7

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
 Case No. 1:01-cv-01451-REB-KLM (D. Colo.) .................................................................... 7

*Smilovits v. First Solar, Inc.*,
 Case No. 2:12-cv-00555-DGC (D. Ariz.) .............................................................................. 7

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
 Case No. 0:06-cv-01691-JMR-FLN (D. Minn.)..................................................................... 7

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
 Case No. 3:15-cv-07658-MAS-LHG (D.N.J.) ....................................................................... 7

**Statutes and Rules**

15 U.S.C. §78u-4(a)............................................................................................... *passim*

15 U.S.C. §78u-4(b)(3)(B)............................................................................................... 1

Fed. R. Civ. P. 23(a)(3)-(4)............................................................................................ *passim*

Fed. R. Civ. P. R. 12(b)(6) ........................................................................................... 1

## I. PRELIMINARY STATEMENT

This action was brought on behalf of purchasers or acquirers of NRx Pharmaceuticals, Inc. ("NRx" or the "Company") securities between June 1, 2021 and November 4, 2021, both dates inclusive (the "Class Period"), against NRx and two of its executives, alleging violations of the Securities Exchange Act of 1934 ("1934 Act"). The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Larry D. Creasy Jr. should be appointed lead plaintiff because he timely filed this motion, has a substantial financial interest in the outcome of this litigation, and otherwise satisfies Rule 23's typicality and adequacy requirements. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Creasy's selection of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel and Andrews & Springer LLC to serve as Delaware Counsel should be approved because these Firms possess extensive experience prosecuting securities class actions and will adequately represent the interests of all class members. *See* 15 U.S.C. §78u- 4(a)(3)(B)(v).

## II. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

This case is a putative class action alleging violations of the 1934 Act. The case is in its procedural infancy due to the PSLRA's lead plaintiff and stay provisions. *See* 15 U.S.C. §78u-4(a) & (b). Once a lead plaintiff is appointed, the Court-appointed lead plaintiff will likely file an amended complaint, followed by defendants' responsive pleading (most likely a motion to dismiss) and briefing on the anticipated Rule 12(b)(6) motion. Pursuant to the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." *See* 15 U.S.C. §78u-4(b)(3)(B).

### III. SUMMARY OF ARGUMENT

1. The PSLRA requires district courts to appoint the most adequate plaintiff as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). Mr. Creasy respectfully submits that he should be appointed as lead plaintiff because he: (1) timely filed a motion; (2) has a substantial financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

2. The PSLRA also provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Creasy has selected Robbins Geller as Lead Counsel and Andrews & Springer as Delaware Counsel, respectively and respectfully requests that the Court approve that choice.

### IV. STATEMENT OF FACTS

Headquartered in Delaware, NRx is a clinical-stage small molecule pharmaceutical company that develops various therapeutics for the treatment of central nervous system disorders and life-threatening pulmonary diseases. NRx's products include, among others, ZYESAMI, an investigational pre-commercial drug for COVID-19 related respiratory failure. In June 2021, NRx announced that it filed an application with the U.S. Food and Drug Administration ("FDA") requesting Emergency Use Authorization ("EUA") for ZYESAMI to treat critically ill COVID-19 patients suffering with respiratory failure.

The complaint alleges that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) the ZYESAMI EUA application contained insufficient data regarding the potential benefits and risks of ZYESAMI; (ii) accordingly, the FDA was unlikely to approve the ZYESAMI EUA application in its present form; and (iii) as a result, NRx's public statements were materially false and misleading at all relevant times.

On November 4, 2021, NRx issued a press release "announc[ing] that the [FDA] has declined to issue an [EUA] for ZYESAMI® (aviptadil). The FDA stated that it was unable to issue the EUA at this time due to insufficient data regarding the known and potential benefits of the medicine and the known and potential risks of ZYESAMI in patients suffering from Critical COVID-19 with respiratory failure." D.I. 1 at ¶29. On this news, NRx's stock price declined by more than 25%, damaging investors.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of NRx's securities, Mr. Creasy and other class members have suffered significant losses and damages.

## V. ARGUMENT

### A. Mr. Creasy is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). Mr. Creasy meets these requirements and should be appointed Lead Plaintiff.

### 1. This Motion Is Timely

The statutory notice was published in this action on January 18, 2022 in *Globe Newswire* and advised putative class members of the action's pendency, the claims asserted, the proposed class, and the right to move the Court to be appointed as lead plaintiff by March 21, 2022. *See* Declaration of David M. Sborz in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Sborz Decl."), Ex. A, filed concurrently herewith. Because this motion is being filed by the statutory deadline, it is timely, and Mr. Creasy is entitled to be considered for appointment as lead plaintiff.

### 2. Mr. Creasy Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Creasy purchased 9,234 shares of NRx common stock and 1,000 shares of NRx warrants during the Class Period and suffered approximately $66,936 in losses. *See* Sborz Decl., Exs. B-C. To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. Creasy satisfies the PSLRA's largest financial interest requirement.

### 3. Mr. Creasy Otherwise Satisfies the Requirements of Fed. R. Civ. P. 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cendant*, 264 F.3d at 263-64 (focusing on typicality and adequacy at the lead plaintiff stage).

"[I]n inquiring whether the movant has preliminarily satisfied the typicality requirement, [courts] should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *Id*. at 265 (alterations in original and citations omitted). "In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether the movant 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *Id*. (alterations in original and citations omitted).

Mr. Creasy satisfies the typicality requirement because, just like all other class members, he purchased NRx securities during the Class Period and suffered damages resulting from defendants' alleged wrongdoing. Consistent with the PSLRA, Mr. Creasy's Certification sets forth his transactions in NRx securities during the Class Period. As such, Mr. Creasy has a significant direct interest in the outcome of this action, ensuring that he will vigorously represent the class.

In addition, Mr. Creasy is an adequate representative of the class because his interests are aligned with the interests of the putative class and there is no evidence of any antagonism between his interests and the class's interests. Mr. Creasy's sizable losses provide the requisite interest to ensure vigorous advocacy. Mr. Creasy has amply demonstrated his adequacy by signing a sworn Certification and a Declaration affirming his willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* Sborz Decl., Exs. B, D. Mr. Creasy's Declaration – which sets forth his residence, professional background, and other qualifications – establishes his *prima facie* adequacy showing and enables the Court and absent class members to independently assess his ability to satisfy Rule 23's prerequisites. *See id*. at Ex. D. Finally, as explained below,

Mr. Creasy has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

Because Mr. Creasy filed a timely motion, has a sizable financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

**B.      The Court Should Approve Mr. Creasy's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel of his choosing, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *Cendant*, 264 F.3d at 273-74. Mr. Creasy has selected Robbins Geller as lead counsel and Andrews & Springer as Delaware counsel in this case.

Robbins Geller, a 200-attorney law firm with offices nationwide, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, Case No. 1:15-mc-00040-AKH, D.I. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *Borrego v. Ruckus Wireless, Inc.*, Case No. 1:16-cv-00340-SLR, D.I. 31, (D. Del. Aug. 24, 2016) (appointing Robbins Geller as lead counsel).

In the last two years alone, Robbins Geller has recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, Case No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *Am. Realty*, Case No. 1:15-mc-00040-AKH (S.D.N.Y.) ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, Case No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery). Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. *See In re Enron Corp. Sec. Litig.*, Case No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, Case No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, Case No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, Case No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, Case No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, Case No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit). And, while trials in stockholder class actions are rare, Robbins Geller has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, Case No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, Mr. Creasy's selection of Robbins Geller as lead counsel and Andrews & Springer as Delaware Counsel are reasonable and should be approved. For a more detailed description of the Firms track records, resources, and attorneys, please visit https://www.rgrdlaw.com and https://www.andrewsspringer.com. Hard copies of the Firms resumes are available upon the Court's request, if preferred.

## VI. CONCLUSION

Mr. Creasy has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Creasy respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Robbins Geller as Lead Counsel and Andrews & Springer as Delaware Counsel.

ANDREWS & SPRINGER LLC

*Proposed Lead Counsel for Proposed Lead Plaintiff Larry D. Creasy Jr.*:

Danielle S. Myers
Jennifer N. Caringal
Michael Albert
Juan Carlos Sanchez
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

Dated: March 21, 2022

*/s/ David M. Sborz*
Peter B. Andrews (#4623)
David M. Sborz (#6203)
4001 Kennett Pike, Suite 250
Wilmington, Delaware 19807
Telephone: (302) 504-4957
Fax: (302) 397-2681
pandrews@andrewsspringer.com
cspringer@andrewsspringer.com
dsborz@andrewsspringer.com

*Delaware Counsel for Proposed Lead Plaintiff Larry D. Creasy Jr.*