## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CRISTIAN DAL BOSCO, Individually
and on behalf of all others similarly
situated,

               Plaintiff,

        v.

NRX PHARMACEUTICALS, INC.,
JONATHAN C. JAVITT, and WILLIAM
FRICKER,

               Defendants.

Case No. 22-cv-66-MN

**CLASS ACTION**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BARBARA PATANE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

**FARNAN LLP**

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*[Proposed] Liaison Counsel for
Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for
Plaintiffs and the Class*

Barbara Patane ("Movant") respectfully submits this memorandum of law in support of her motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for the class consisting of all persons and entities other than Defendants that purchased or otherwise acquired the publicly traded securities of NRx Pharmaceuticals, Inc. ("NRx" or the "Company") between June 1, 2021 and November 4, 2021, both dates inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws; and

(b)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class and Farnan LLP ("Farnan") as Liaison Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on January 18, 2022 against the Company and certain of its officers for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was issued advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff. *See* Declaration of Brian E. Farnan ("Farnan Decl."), Ex. 1, filed herewith.

NRx is a clinical-stage small molecule pharmaceutical company that develops various therapeutics for the treatment of central nervous system disorders and life-threatening pulmonary diseases. The Company's products include, among others, ZYESAMI, an investigational pre-commercial drug for COVID-19 related respiratory failure. In June 2021, NRx announced that it filed an application with U.S. Food and Drug Administration ("FDA") requesting Emergency Use Authorization ("EUA") for ZYESAMI to treat critically ill COVID-19 patients suffering from respiratory failure (the "ZYESAMI EUA Application").

1

The complaint alleges that throughout the class period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the ZYESAMI EAU Application contained insufficient data regarding the potential benefits and risks of ZYESAMI; (2) accordingly, the FDA was unlikely to approve the ZYESAMI EUA Application in its present form; and (3) as a result, Defendants' public statements were materially false and misleading at all relevant times.

On November 4, 2021, NRx issued a press release "announc[ing] that the [FDA] has declined to issue an [EUA] for ZYESAMI® (aviptadil).  The FDA stated that it was unable to issue the EUA at this time due to insufficient data regarding the known and potential benefits of the medicine and the known and potential risks of ZYESAMI in patients suffering from Critical COVID-19 with respiratory failure."

On this news, NRx's stock price fell $2.27 per share, or 25.45%, to close at $6.65 per share on November 5, 2021. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

2

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Farnan Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

Movant lost approximately $15,982.71 on her purchases of NRx securities in connection with the alleged fraud at issue. *See* Farnan Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in NRx securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Each of her claims share substantially similar questions of law and fact with the members of the class, and her claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about NRx's business. Movant, as did all members of the class, purchased NRx shares at prices artificially inflated by Defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant Movants' motion to serve as Lead Plaintiff.

**D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interest of the class; or
>
> (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class have been discussed above, in Section C. Movant is not aware of any unique defenses that defendants could raise against his that would render Movant inadequate to represent the class.

Movant has approximately 30 years of investing experience. She lives in Oberlunkhofen, Switzerland and works as an interior designer. Prior to that, Movant worked as a services account manager for a computer company.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has the largest financial interest in this case of any timely lead plaintiff, and the Court should appoint Movant as Lead Plaintiff for the class.

**II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with

Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and Farnan as Liaison Counsel. Rosen Law has been actively researching class members' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. See Farnan Decl., Exs. 4, 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving the Movant's selection of Rosen Law as Lead Counsel and Farnan as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:  March 21, 2022                    Respectfully submitted,

                                         **FARNAN LLP**

                                         By:  */s/ Brian E. Farnan*
                                         Brian E. Farnan (#4089)
                                         Michael J. Farnan (#5165)
                                         919 North Market St., 12th Floor
                                         Wilmington, DE 19801
                                         Telephone: (302) 777-0300
                                         Fax: (302) 777-0301
                                         Email: bfarnan@farnanlaw.com

6

mfarnan@farnanlaw.com

*[Proposed] Liaison Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A**.

Laurence Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenelgal.com

*[Proposed] Lead Counsel for Plaintiffs and the Class*

7