**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CRISTIAN DAL BOSCO, Individually and on Behalf of All Others Similarly Situated, <br><br>       Plaintiff, <br><br>  v. <br><br>NRX PHARMACEUTICALS, INC., JONATHAN C. JAVITT, and WILLIAM FRICKER, <br><br>       Defendants. | C.A. No.  1:22-cv-00066-MN <br><br> Hon. Judge Maryellen Noreika <br><br> <u>CLASS ACTION</u> |

**OPENING BRIEF IN SUPPORT OF JASON KARNES AND IAN DINGWALL'S MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**

**BIELLI & KLAUDER, LLC**
Ryan M. Ernst, Esq. (No. 4788)
1204 N. King Street
Wilmington, DE 19801
Main: (302) 803-4600
Direct: (302) 321-5411
rernst@bk-legal.com

Dated: March 21, 2022

OF COUNSEL:

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
Thomas H. Przybylowski
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor

New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................1

NATURE AND STAGE OF PROCEEDINGS .....................................................3

SUMMARY OF THE ARGUMENT ......................................................................3

STATEMENT OF FACTS .....................................................................................4

ARGUMENT ..........................................................................................................6

I.    KARNES AND DINGWALL SHOULD BE APPOINTED CO-LEAD
      PLAINTIFFS ...............................................................................................6

      A.    Karnes and Dingwall Are Willing to Serve as Class Representatives..7

      B.    Karnes and Dingwall Are the Most Adequate Plaintiffs under the
            PSLRA..............................................................................................8

            1.    Karnes and Dingwall Have the "Largest Financial Interest" in
                  the Action .................................................................................8

            2.    Karnes and Dingwall Otherwise Satisfy the Requirements of
                  Rule 23 ......................................................................................9

II.   CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
      APPROVED ...............................................................................................14

CONCLUSION .....................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Vitamin Shoppe, Inc.*,
  No. 2:17-cv-6454-KM-MAH, 2018 U.S. Dist. LEXIS 69968
  (D.N.J. Apr. 25, 2018) ...................................................................................12

*Clair v. DeLuca*,
  232 F.R.D. 219 (W.D. Pa. 2005) .....................................................................9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) .....................................................................*passim*

*In re Enzymotec Ltd. Sec. Litig.*,
  No. 14-5556, 2015 U.S. Dist. LEXIS 25720 (D.N.J. Mar. 3, 2015) ..................13

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) .......................................................................14

*In re Petrobras Securities Litigation*,
  No. 14-cv-09662 (S.D.N.Y.)............................................................................14

*In re Yahoo! Inc. Securities Litigation*,
  No. 17-cv-00373 (N.D. Cal.) ..........................................................................15

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6,
  1997) ..............................................................................................................8

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
  63 F. Supp. 3d 394 (D. Del. 2014)..............................................................11, 13

*Ret. Sys. v. Horizon Lines, Inc.*,
  No. 08-969, 2009 U.S. Dist. LEXIS 62572 (D. Del. June 18, 2009) .................10

*Roofers' Pension Fund v. Papa*,
  No. 2:16-cv-02805 (D.N.J.) ............................................................................15

*Rubenstahl v. Philip Morris Int'l, Inc.*,
   No. 17-13504 (ES) (MAH), 2019 U.S. Dist. LEXIS 23309 (D.N.J.
   Feb. 13, 2019) ..................................................................................................9

*Vandevelde v. China Natural Gas, Inc.*,
   277 F.R.D. 126 (D. Del. 2011) .......................................................................10

*Wigginton v. Advance Auto Parts, Inc.*,
   No. 18-212 (MN), 2018 U.S. Dist. LEXIS 187661 (D. Del. Nov. 2,
   2018) ................................................................................................................9

**Statutes**

15 U.S.C. § 78u-4(a)(3) ...................................................................................*passim*

Private Securities Litigation Reform Act of 1995 : (1) ...................................*passim*

Securities Exchange Act of 1934 ................................................................1, 3, 8, 11

**Rules and Regulations**

17 C.F.R. § 240.10b-5 ...........................................................................................1

Fed. R. Civ. P. 23 ..........................................................................................*passim*

Jason Karnes and Ian Dingwall (together, "Karnes and Dingwall") respectfully submit this Opening Brief in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing Karnes and Dingwall as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of all persons or entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired NRx Pharmaceuticals, Inc. ("NRx" or the "Company") securities between June 1, 2021 and November 4, 2021, inclusive (the "Class Period"); and (2) approving proposed Co-Lead Plaintiffs Karnes and Dingwall's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Bielli & Klauder, LLC ("Bielli & Klauder") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

The initial complaint in the above captioned action (the "Action") alleges that Defendants defrauded investors who purchased or otherwise acquired NRx securities during the Class Period in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by misrepresenting NRx's business and operations.  *See* C.A. No. 1:22-cv-00066-MN, D.I. No. 1 (the "Complaint").  NRx investors, including Karnes and Dingwall,

incurred significant losses arising from a disclosure on November 4, 2021 concerning the United States ("U.S.") Food and Drug Administration's ("FDA") decision not to issue an Emergency Use Authorization ("EUA") for ZYESAMI, the Company's investigational pre-commercial drug for COVID-19 related respiratory failure, which caused a significant decline in the value of NRx's securities. *See* Complaint ¶¶ 1-6.

Under the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Karnes and Dingwall believe they should benefit from a rebuttable presumption arising from their having the largest financial interest. Karnes and Dingwall incurred losses of approximately $1,286,461 in connection with their Class Period purchases of NRx securities. *See* Declaration of Ryan M. Ernst in Support of Motion ("Ernst Decl."), Exhibit ("Ex.") A.

Beyond their significant financial interest, Karnes and Dingwall also meet the Rule 23 requirements because their claims are typical of absent class members and because they will fairly and adequately represent the Class's interests.

To fulfill their co-lead plaintiff responsibilities and vigorously prosecute the Action on behalf of the Class, Karnes and Dingwall have selected Pomerantz as Lead Counsel. Pomerantz is a nationally-recognized securities class action firm that has

2

recovered billions of dollars on behalf of defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of Petrobras investors, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of Yahoo! investors. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Based on their being the "most adequate plaintiff[s]," their significant financial interest, their satisfaction of Rule 23 requirements, and their commitment to overseeing the Action, Karnes and Dingwall respectfully request that the Court enter an order appointing them as Co-Lead Plaintiffs and approving Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel for the Class.

## NATURE AND STAGE OF PROCEEDINGS

The Complaint filed in the Action asserts claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act on behalf of all persons who purchased NRx securities during the Class Period. The Action is in the preliminary stages of litigation and, pursuant to the PSLRA, require appointment of a Lead Plaintiff and Lead Counsel.

## SUMMARY OF THE ARGUMENT

1.     The PSLRA requires district courts to appoint the "most adequate plaintiff" as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Karnes and Dingwall respectfully submit that they are the "most adequate plaintiff[s]" under the PSLRA

and should be appointed as Co-Lead Plaintiffs because they: (1) timely filed a motion; (2) to the best of their knowledge, have the largest financial interest in the relief sought by the Class; and (3) will fairly and adequately represent the interests of the Class. *See id.* § 78u-4(a)(3)(B)(iii)(I).

2.      The PSLRA also provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v). Accordingly, Karnes and Dingwall respectfully request that the Court approve their selection of Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel for the Class.

## STATEMENT OF FACTS

NRx is a clinical-stage small molecule pharmaceutical company that develops various therapeutics for the treatment of central nervous system disorders and life-threatening pulmonary diseases. Complaint ¶ 2; This case concerns the FDA's decision not to issue an EUA for ZYESAMI, the Company's investigational pre-commercial drug for COVID-19 related respiratory failure, which caused a significant decline in the value of NRx's securities. *See* Complaint ¶¶ 5-6.

The Class Period begins on June 1, 2021, when NRx issued a pre-market press release announcing that it filed the ZYESAMI EUA Application with the FDA. Complaint ¶ 21.

4

Throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the ZYESAMI EUA Application contained insufficient data regarding the potential benefits and risks of ZYESAMI; (ii) accordingly, the FDA was unlikely to approve the ZYESAMI EUA Application in its present form; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.  Complaint ¶ 4.

On November 4, 2021, NRx issued a press release "announc[ing] that the [FDA] has declined to issue an [EUA] for ZYESAMI® (aviptadil).  Complaint ¶ 5. The FDA stated that it was unable to issue the EUA at this time due to insufficient data regarding the known and potential benefits of the medicine and the known and potential risks of ZYESAMI in patients suffering from Critical COVID-19 with respiratory failure.  *Id*.

On this news, NRx's stock price fell $2.27 per share, or 25.45%, to close at $6.65 per share on November 5, 2021.  Complaint ¶ 6.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Plaintiff in the Action and other Class members have suffered significant losses and damages. Complaint ¶ 7.

**ARGUMENT**

**I.    KARNES AND DINGWALL SHOULD BE APPOINTED CO-LEAD PLAINTIFFS**

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). In this case, the notice of the Action was published on January 18, 2022. *See* Ernst Decl., Ex. B. The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii). Karnes and Dingwall's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter . . . the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Karnes and Dingwall are the "most adequate plaintiff[s]" within the PSLRA's meaning and should therefore be appointed as Co-Lead Plaintiffs.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff[s]" "is the person or group of persons that" (i) either filed the complaint or made a lead plaintiff motion; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii)

6

otherwise satisfies the requirements of Fed. R. Civ. P. 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  Karnes and Dingwall readily satisfy all three of these criteria and thus believe they are entitled to the rebuttable presumption that they are the most adequate plaintiffs under the PSLRA.

For all these reasons, as detailed below, Karnes and Dingwall respectfully urge the Court to appoint them to serve as Co-Lead Plaintiffs overseeing the Action.

### A.    Karnes and Dingwall Are Willing to Serve as Class Representatives

On January 18, 2022, Pomerantz, counsel for plaintiff in the Action, caused a notice to be published over *Globe Newswire* pursuant to PSLRA Section 21D(a)(3)(A)(i) ("Notice"), announcing that litigation had been filed against Defendants and advising investors in NRx securities that they had until March 21, 2022—*i.e.*, 60 days—to file a motion to be appointed as lead plaintiff.  *See* Ernst Decl., Ex. B.  Karnes and Dingwall filed the instant motion pursuant to the Notice and attached Certifications signed by them attesting that they are willing to serve as Class representatives and to provide testimony at deposition and trial if necessary. *See id.*, Ex. C.  Accordingly, Karnes and Dingwall satisfy the first requirement to serve as Co-Lead Plaintiffs for the Class.

**B.    Karnes and Dingwall Are the Most Adequate Plaintiffs under the PSLRA**

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Karnes and Dingwall are the "most adequate plaintiff[s]" within the PSLRA's meaning and should thus be appointed Co-Lead Plaintiffs.

**1.    Karnes and Dingwall Have the "Largest Financial Interest" in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of their knowledge, Karnes and Dingwall have the largest financial interest of any NRx investor seeking to serve as Lead Plaintiff. For claims arising under Exchange Act § 10(b), courts frequently assess financial interest based upon the factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.* including, and most importantly, the approximate losses suffered. No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997). In accord with courts nationwide, these so-called *Lax* factors have

8

been expressly adopted by courts in the Third Circuit, and implicitly by courts in this Judicial District.  *See, e.g.*, *Clair v. DeLuca*, 232 F.R.D. 219, 227 (W.D. Pa. 2005) (expressly adopting *Lax* factors in assessing financial interest); *Rubenstahl v. Philip Morris Int'l, Inc.*, No. 17-13504 (ES) (MAH), 2019 U.S. Dist. LEXIS 23309, at *5 (D.N.J. Feb. 13, 2019) (same) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)); *Wigginton v. Advance Auto Parts, Inc.*, No. 18-212 (MN), 2018 U.S. Dist. LEXIS 187661, at *8 (D. Del. Nov. 2, 2018) (in determining financial interest, "the Court 'should consider, among other things [. . .] the approximate losses suffered by the plaintiffs'" (quoting *Cendant*, 264 F.3d at 262)).

During the Class Period, Karnes and Dingwall incurred losses of approximately $1,286,461 in connection with their transactions in NRx securities. *See* Ernst Decl., Ex. A.  Karnes and Dingwall thus believe they have the largest financial interest among any potential lead plaintiff movants in the Action, thereby entitling them to a rebuttable presumption that they are the "most adequate plaintiff[s]" within the PSLRA's meaning (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)), given that they also satisfy the Fed. R. Civ. P. 23 requirements.

### 2. Karnes and Dingwall Otherwise Satisfy the Requirements of Rule 23

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that he is the "most adequate plaintiff," he must also demonstrate that he "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  A

9

*prima facie* showing suffices for this determination. *Vandevelde v. China Natural Gas, Inc.*, 277 F.R.D. 126, 132 (D. Del. 2011); *City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*, No. 08-969, 2009 U.S. Dist. LEXIS 62572, at *4-*5 (D. Del. June 18, 2009) ("Our inquiry here 'need not be extensive,' and 'institutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements.'" (quoting *Cendant*, 264 F.3d. at 263-65)). Karnes and Dingwall readily pass muster.

Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b)(3) adds that common questions must predominate over any questions affecting only individual class members and that a class action must be superior to other available methods for fairly and efficiently adjudicating the case. *See* Fed. R. Civ. P. 23(b)(3). Here, the Complaint pleads Rule 23(a)(1) numerosity (Complaint ¶ 33), Rule 23(a)(2) common questions (Complaint ¶ 36), Rule 23(b)(3) predominance (Complaint ¶ 36), and superiority (Complaint ¶ 37) in a manner common to all lead plaintiff candidates. The sufficiency of these allegations is not upset by any facts uniquely concerning Karnes and Dingwall.

Karnes and Dingwall satisfy the threshold for Rule 23(a)(3) typicality. "For typicality, the court will consider whether the factual claims or legal theories advanced by the movant[] 'are markedly different' from the claims of the class." *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 401 (D. Del. 2014) (quoting *Cendant*, 264 F.3d at 264). Karnes and Dingwall's claims easily meet this standard. Like all Class members, Karnes and Dingwall allege that: (1) Defendants violated the Exchange Act by knowingly or recklessly making false or misleading statements of material facts and/or omitting to disclose material facts concerning NRx; (2) Karnes and Dingwall and the Class members purchased NRx securities during the Class Period at prices inflated by Defendants' misrepresentations or omissions; and (3) Karnes and Dingwall and the Class members were damaged upon the revelation of Defendants' fraud through a corrective disclosure that drove NRx's stock price downward. These shared claims, based on the same legal theories arising from the same underlying facts and course of conduct, demonstrate Karnes and Dingwall's typicality under Rule 23(a)(3).

Karnes and Dingwall also satisfy the Rule 23(a)(4) adequacy requirement. "For adequacy, the court will consider whether movants have 'the ability and incentive' to represent the class 'vigorously,' whether there are any conflicts between the movants and the class, and whether the movants have 'obtained adequate counsel,' including whether selected counsel is competent." *OFI Risk*

11

*Arbitrages*, 63 F. Supp. 3d at 401 (quoting *Cendant*, 264 F.3d at 265). Karnes and Dingwall have submitted signed Certifications declaring their commitment to protect the Class's interests. *See* Ernst Decl., Ex. C. Further demonstrating their adequacy, Karnes and Dingwall have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their experience working with counsel, their understanding of the responsibilities of Co-Lead Plaintiffs pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that they are prepared to take to prosecute this litigation on behalf of the Class. *See* Ernst Decl., Ex. D. Courts routinely appoint more than one investor as Lead Plaintiffs under such circumstances. *See, e.g.*, *Aguilar v. Vitamin Shoppe, Inc.*, No. 2:17-cv-6454-KM-MAH, 2018 U.S. Dist. LEXIS 69968, at *28-*34 (D.N.J. Apr. 25, 2018) (finding adequacy of group of three investors for lead plaintiff appointment under the PSLRA supported by, *inter alia*, their limited size and their submission of a joint declaration, and collecting cases in the Third Circuit and throughout the country that found similar declarations supporting joint lead plaintiff appointment). In addition, Karnes and Dingwall attended a conference call with an attorney from Pomerantz.

Additionally, Karnes and Dingwall constitute an appropriate Lead Plaintiff duo. The appointment of more than one class member seeking joint appointment as Lead Plaintiffs is expressly permitted by the PSLRA, 15 U.S.C. § 78u-

12

4(a)(3)(B)(iii)(I), the Third Circuit, and district courts within the Third Circuit, including this Judicial District, which have repeatedly recognized the propriety of appointing multiple movants as Lead Plaintiff that are capable of "fairly and adequately protect[ing] the interests of the class." *Cendant*, 264 F.3d at 266 ("The statute contains no requirement mandating that the members of a proper group be 'related' in some manner; it requires only that any such group 'fairly and adequately protect the interests of the class.'"); *In re Enzymotec Ltd. Sec. Litig.*, No. 14-5556, 2015 U.S. Dist. LEXIS 25720, at *1-*4, *12 (D.N.J. Mar. 3, 2015) (appointing as Lead Plaintiff a group of three investors); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 411 (D. Del. 2014) (appointing as Lead Plaintiff a group of investors consisting of two investors through their asset manager and a third investor).

Karnes and Dingwall's significant losses from their Class Period trades in NRx securities demonstrate a sufficient interest in the litigation's outcome that aligns with the interests of Class members. Karnes and Dingwall have no conflicts of interest or antagonism with the Class he seeks to represent. Finally, in Pomerantz and Bielli & Klauder, Karnes and Dingwall have retained qualified and experienced counsel.

Indeed, Karnes and Dingwall have already demonstrated their ability to pursue securities fraud claims through their choice of counsel, Pomerantz.

13

Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in § II., *infra*. Karnes and Dingwall's and Pomerantz's willingness and ability to zealously litigate the claims in the Action on behalf of the Class cannot reasonably be questioned.

## II.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in a lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel."). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so in order "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Karnes and Dingwall have selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Ernst Decl., Ex. E. Pomerantz is based in New York, with offices in Chicago, Los Angeles, and Paris, France. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in

14

a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. As co-lead counsel in *In re Yahoo! Inc. Securities Litigation*, No. 17-cv-00373 (N.D. Cal.), Pomerantz recently secured a recovery of $80 million on behalf of Yahoo! investors, the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach. In the Third Circuit, Pomerantz currently serves as co-lead counsel in the action *Roofers' Pension Fund v. Papa*, No. 2:16-cv-02805 (D.N.J.), a securities class action on behalf of investors in the securities of Perrigo Company plc.

Finally, Bielli & Klauder is well qualified to represent the class as Liaison Counsel as the firm has substantial experience litigating complex securities class actions. *See* Ernst Decl., Ex. F.

As a result of their extensive experience in litigation involving issues similar to those raised in the Action, Karnes and Dingwall's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute these actions effectively and expeditiously. Thus, the Court may be assured that by approving Karnes and Dingwall's chosen counsel, with Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel, the Class members will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Karnes and Dingwall respectfully requests that the Court issue an Order: (1) appointing Karnes and Dingwall as Co-Lead Plaintiffs for the Class; and (2) approving their selections of Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel for the Class.

Dated:  March 21, 2022          Respectfully submitted,

                              **BIELLI & KLAUDER, LLC**

                              */s/Ryan M. Ernst*
                              Ryan M. Ernst, Esq. (No. 4788)
                              1204 N. King Street
                              Wilmington, DE 19801
                              Main: (302) 803-4600
                              Direct: (302) 321-5411
                              rernst@bk-legal.com

                              *Counsel for Co-Lead Plaintiff Movants*
                              *Jason Karnes and Ian Dingwall and*
                              *Proposed Liaison Counsel for the Class*

                              **POMERANTZ LLP**
                              Jeremy A. Lieberman
                              (*pro hac vice* application forthcoming)
                              J. Alexander Hood II
                              (*pro hac vice* application forthcoming)
                              Thomas H. Przybylowski
                              (*pro hac vice* application forthcoming)
                              600 Third Avenue, 20th Floor
                              New York, NY 10016
                              Telephone: (212) 661-1100
                              Facsimile: (212) 661-8665
                              jalieberman@pomlaw.com
                              ahood@pomlaw.com
                              tprzybylowski@pomlaw.com

16

*Counsel for Co-Lead Plaintiff Movants
Jason Karnes and Ian Dingwall and
Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
*(pro hac vice* application forthcoming*)*
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Co-Lead Plaintiff
Movants Jason Karnes and Ian Dingwall*

17

## CERTIFICATION PURSUANT TO PREFERENCES & PROCEDURES
## FOR CIVIL CASES

This filing contains 3,425 words and complies with the type, font, and word

limitations set forth in this Court's Preferences and Procedures for Civil Cases.


Respectfully submitted,

**BIELLI & KLAUDER, LLC**

*/s/Ryan M. Ernst*
Ryan M. Ernst, Esq. (No. 4788)
1204 N. King Street
Wilmington, DE 19801
Main: (302) 803-4600
Direct: (302) 321-5411
rernst@bk-legal.com

March 21, 2022

18