**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| CRISTIAN DAL BOSCO, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-00066-MN |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| NRX PHARMACEUTICALS, INC., JONATHAN C. JAVITT, and WILLIAM FRICKER, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF IBERIA CAPITAL CORPORATION'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

NATURE AND STAGE OF PROCEEDINGS .......................................................................... 1

SUMMARY OF THE ARGUMENT ........................................................................................ 2

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT ............................................................................................................................... 4

    I.  The Court Should Appoint Iberia Capital Corporation as Lead Plaintiff ............................... 4

        A.   The Procedure Required by the PSLRA ......................................................................... 4

        B.   Iberia Capital Corporation Has Timely Moved for Lead Plaintiff Appointment ........... 5

        C.   Iberia Capital Corporation Has the Largest Financial Interestin the Relief Sought by the Class ........................................................................................................................... 5

        D.   Iberia Capital Corporation Otherwise Satisfies Rule 23 ................................................ 6

    II.   The Court Should Approve Iberia Capital Corporation's Choice of Counsel ..................... 7

CONCLUSION ............................................................................................................................. 8

# TABLE OF AUTHORITIES

**CASES**

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)................................................................................ 7

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004)................................................................................ 6

*SEPTA v. Orrstown Fin. Servs. Inc.*,
  No. 1:12-cv-00993, 2012 WL 3597179 (M.D. Pa. Aug. 20, 2012)........................................... 6

*Thieffry v. Synchronoss Tech., Inc.*,
  No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018)................................................................ 8

*Vandevelde v. China Natural Gas, Inc.,*
  277 F.R.D. 126 (D. Del. 2011) ........................................................................... 6

**STATUTES**

15 U.S.C. § 78u-4(a)(1) ........................................................................... 2, 4, 5, 7

15 U.S.C. §§ 78j(b) ...................................................................................... 1, 2

17 C.F.R. § 240.10b-5..................................................................................... 1

**RULES**

Fed. R. Civ. P. 23(a)(3)................................................................................. 6

## INTRODUCTION

Before this Court is a securities class action brought on behalf of purchasers of NRx Pharmaceuticals, Inc. ("NRx" or the "Company") common stock between June 1, 2021 and November 4, 2021, inclusive (the "Class Period"), which alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Iberia Capital Corporation ("Iberia Capital") hereby moves this Court for an order: (i) appointing it as Lead Plaintiff; and (ii) approving its selection of Block & Leviton LLP to serve as Lead Counsel.

This motion is made on the grounds that Iberia Capital is the most adequate plaintiff as defined by the PSLRA because it believes it possesses the largest financial interest in the relief sought by the class, having lost approximately $40,637 on its purchases of NRx shares. Iberia Capital's claims are also typical of the claims of the putative class, and it will fairly and adequately represent the interests of the class. Iberia Capital is, therefore, the presumptive Lead Plaintiff.

Accordingly, the Court should appoint Iberia Capital as Lead Plaintiff and approve Block & Leviton as Lead Counsel.

## NATURE AND STAGE OF PROCEEDINGS

The Complaint filed in this Action asserts claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act on behalf of all persons who purchased or otherwise acquired NRx securities between June 1, 2021 and November 4, 2021, inclusive. The Action is in the preliminary stages of litigation and, pursuant to the PSLRA, requires appointment of a Lead Plaintiff and Lead Counsel.

1

## SUMMARY OF THE ARGUMENT

1.      The PSLRA requires district courts to appoint the "most adequate plaintiff" as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Iberia Capital respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because it (1) timely filed a motion; (2) to the best of its knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See id*. § 78u-4(a)(3)(B)(iii)(I).

2.      The PSLRA also provides that "[t]he most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." *Id*. § 78u-4(a)(3)(B)(v). Accordingly, Iberia Capital respectfully requests that the Court approve its selection of Block & Leviton as Lead Counsel for the class.

## FACTUAL BACKGROUND[1]

NRx is a clinical-stage small molecule pharmaceutical company engaged in developing novel therapeutics for the treatment of central nervous system disorders and life-threatening pulmonary diseases. ¶ 2. ZYESAMI is an investigational pre-commerical drug NRx developed for treatment of COVID-19 related respiratory failure. *Id.* In June of 2021, NRx announced the filing of its application with the U.S. Food and Drug Administration ("FDA") requesting Emergency Use Authorization ("EUA") for ZYESAMI for treatment of critically ill COVID-19 patients suffering from respiratory failure. ¶ 3.

On June 15, 2021, NRx issued a press release announcing that positive data from its ZYESAMI™ (Aviptadil) Expanded Access Protocol ("EAP") "are Congruent with the Randomized Control Phase 2b/3 ZYESAMI™ (Aviptadil) Trial Data Submitted to [FDA] in

---

[1] The factual background is taken from the complaint filed in this action. D.I. 1 (the "Complaint"). References to "¶_" are to the Complaint.

2

Support of [EUA]" and that the "EAP Data [is] to be Submitted to [the] FDA in Support of [the] EUA Filing[.]" ¶ 22. Then on July 19, 2021, the Company issued another press release announcing statistically significant changes in cytokine levels in patients treated with placebo versus those treated with ZYESAMI in a recently completed phase 2b/3 trial. ¶ 23. Shortly thereafter on July 22, 2021, NRx issued a press release announcing the validation of "the first commercial formulation of ZYESAMI™ (aviptadil) for intravenous use, allowing for high volume manufacture, with an anticipated one year or greater stabiulity, under appropriate storage conditions." ¶ 24.

On August 16, 2021, NRx announced its second quarter 2021 financial update in which Defendant Javitt noted the progress being made in regards to the EAU request for ZYESAMI. ¶ 25. The following day, August 17, 2021, on an earnings call with investors, Defendant Javitt noted that the Company was encouraged by the FDA's questions within a few weeks of the EUA submission along with the statistically significant results of the phase 2b/3 study. ¶ 27.

After the market had closed on November 4, 2021, NRx issued a press release announcing the FDA's decision declining to issue and EUA for ZYESAMI due to insuffient data regarding the risk/benefit profile of the medicine. ¶ 29. Following the announcement, NRx's stock price fell approximately 25% on November 5, 2021. ¶ 30.

Throughout the Class Period, Defendants made materially false and/or misleading statements regarding NRx's business, operations, and compliance policies and/or failed to disclose that: (i) the ZYESAMI EUA application contained insuffient data regarding the potential benefits and risks of ZYESAMI; (ii) accordingly, the FDA was unlikely to approve the ZYESAMI EUA application in its present form; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times. ¶ 4.

**ARGUMENT**

**I.     The Court Should Appoint Iberia Capital Corporation as Lead Plaintiff**

**A.     The Procedure Required by the PSLRA**

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, March 21, 2022), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is "the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

4

**B. Iberia Capital Corporation Has Timely Moved for Lead Plaintiff Appointment**

Under the PSLRA, any class member may move for appointment as lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On January 18, 2022, the Complaint was filed in this District, which alleged a class period of June 1, 2021 through November 4, 2021. That same day, a notice of pendency of the Action was published on *Globe Newswire* alerting investors that the deadline to seek lead plaintiff status in this action is March 21, 2022. *See* Cook Decl.,[2] Ex. A. Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Iberia Capital timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Dr. Jorge Camacho has signed a certification on behalf of Iberia Capital pursuant to the PLRSA. *See* Cook Decl., Ex. B. Iberia Capital has selected and retained qualified counsel to represent it and the proposed class. *See* Cook Decl., Ex. D.

**C. Iberia Capital Corporation Has the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, Iberia Capital's accompanying signed certification and loss chart, Iberia Capital incurred a substantial loss of approximately $40,637 on its class period transactions in NRx securities. *See* Cook Decl., Exs. B, C. These losses are calculated using a "Last In First Out" methodology. At the time of this filing, Iberia Capital believes that it possesses the largest financial interest of any movant seeking lead plaintiff status.

---

[2] References to the "Cook Decl." are to the Declaration of Nathan Cook, filed contemporaneously herewith.

**D. Iberia Capital Corporation Otherwise Satisfies Rule 23**

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage of the litigation, a proposed lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23. *See Vandevelde v. China Natural Gas, Inc.,* 277 F.R.D. 126, 132 (D. Del. 2011) ("To meet the 'otherwise satisfies' criterion, the movant must establish only a *prima facie* case of typicality and adequacy under traditional Rule 23 principles."). Iberia Capital satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a), the claims or defenses of the representative party must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality is established where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *SEPTA v. Orrstown Fin. Servs. Inc.,* No. 1:12-cv-00993, 2012 WL 3597179, at *3 (M.D. Pa. Aug. 20, 2012) (citation and quotation omitted). "However, typicality . . . does not require that all putative class members share identical claims." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 531-32 (3d Cir. 2004).

Here, Iberia Capital's claims are typical because, like all members of the class, it purchased or otherwise acquired NRx securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. Iberia Capital's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments to prove Defendants' liability.

The adequacy element of Rule 23 is satisfied where the Lead Plaintiff can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In evaluating whether a movant satisfies the adequacy requirement, courts consider whether: (1) the movant "has the ability and incentive to represent the claims of the class vigorously"; (2) the movant "has obtained adequate counsel"; and (3) the movant's interests are aligned with those of absent class members. *In re Cendant Corp. Litig.* 264 F.3d 201, 265 (3d Cir. 2001).

Iberia Capital is an adequate representative for the proposed class. Iberia Capital's significant losses in connection with its Class Period investments in NRx securities ensure that Iberia Capital has the incentive to vigorously pursue the claims against Defendants. Moreover, as set forth in Iberia Capital's certification, Iberia Capital has affirmatively demonstrated its willingness to pursue this litigation for the benefit of the class. *See* Cook Decl., Ex. B. In addition, there are no conflicts between Iberia Capital and the class, as each seeks to recover losses resulting from Defendants' false and misleading statements. Iberia Capital has also demonstrated its adequacy through the selection of Block & Leviton as Lead Counsel for the class. As discussed more fully below, Block & Leviton is highly qualified and experienced in the area of securities class action litigation. Thus, Iberia Capital satisfies the adequacy requirements of Rule 23(a)(4).

Because Iberia Capital is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Court should appoint Iberia Capital as Lead Plaintiff.

## II. The Court Should Approve Iberia Capital Corporation's Choice of Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Iberia Capital has selected Block & Leviton, a firm with substantial experience in the prosecution of

shareholder and securities class actions to serve as lead counsel. Cook Decl. Ex. D. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (D.I. 21).

Accordingly, the Court should approve Proposed Lead Plaintiffs' selection of Block & Leviton as lead counsel.

### CONCLUSION

For the foregoing reasons, Iberia Capital respectfully requests that the Court: (i) appoint it as Lead Plaintiff in the Action; (ii) approve its selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

Dated: March 21, 2022        Respectfully submitted,

**BLOCK & LEVITON LLP**

*/s/ Nathan Cook*
Nathan Cook (DE Bar ID # 4841)
3801 Kennet Pike, Suite C-305
Wilmington, DE 19807
Tel: (302) 499-3600
nathan@blockleviton.com

Jacob A. Walker (*pro hac vice* forthcoming)
260 Franklin St., Suite 1860
Boston, MA 02110
Tel: (617) 398-5600
jake@blockleviton.com

*Counsel for Iberia Capital Corp. and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

<span style="padding-left: 45%">*/s/ Nathan Cook*</span>
<span style="padding-left: 45%">Nathan Cook</span>