**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| CRISTIAN DAL BOSCO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NRX PHARMACEUTICALS, INC., JONATHAN C. JAVITT, and WILLIAM FRICKER,<br><br>Defendants. | Case No. 1:22-cv-00066-MN |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HASSAN EL HAKIM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

## PRELIMINARY STATEMENT

Hassan El Hakim ("El Hakim") respectfully moves this Court for appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). El Hakim further moves for approval of his selection of counsel on behalf of a putative class of purchasers of NRx Pharmaceuticals, Inc. securities (as defined below).

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff, and provides a presumption that the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

El Hakim believe that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, El Hakim satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, El Hakim respectfully submits that his is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, El Hakim's selection of Glancy Prongay & Murray LLP as Lead Counsel and Cooch and Taylor, P.A. as Liaison Counsel for the Class should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

1

## I.    FACTUAL BACKGROUND

This is a class action on behalf of persons and entities that purchased or otherwise acquired NRx Pharmaceuticals, Inc. ("NRx" or the "Company") securities between March 21, 2022 and November 4, 2021, both dates inclusive (the "Class Period").

NRx is a clinical-stage pharmaceutical company that develops therapeutics for the treatment of central nervous system disorders and pulmonary diseases. As alleged in the complaint, the Company's products include ZYESAMI, an investigational pre-commercial drug for COVID-19 related respiratory failure.

In June 2021, NRx announced that it filed an application with U.S. Food and Drug Administration ("FDA") requesting Emergency Use Authorization ("EUA") for ZYESAMI to treat critically ill COVID-19 patients suffering with respiratory failure (the "ZYESAMI EUA Application").

On November 4, 2021, NRx issued a press release "announc[ing] that the [FDA] has declined to issue an [EUA] for ZYESAMI® (aviptadil)" due to "insufficient data regarding the known and potential benefits of the medicine and the known and potential risks of ZYESAMI in patients suffering from Critical COVID-19 with respiratory failure." On this news, NRx's stock price fell $2.27 per share, or 25.45%, to close at $6.65 per share on November 5, 2021.

The complaint filed in this action alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies, and failed to disclose that: (i) the ZYESAMI EUA Application contained insufficient data regarding the potential benefits and risks of ZYESAMI; (ii) accordingly, the FDA was unlikely to approve the ZYESAMI EUA Application in its present form; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

2

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, El Hakim and other class members have suffered significant losses and damages.

## II.    ARGUMENT

### A.    El Hakim Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, El Hakim satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. El Hakim has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, El Hakim is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, El Hakim respectfully submits that he should be appointed lead plaintiff.

### 1.    El Hakim Filed a Timely Motion

On January 18, 2022, pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act, notice was published in connection with this action. *See* Declaration of Blake A. Bennett ("Bennett Decl."), Exhibit ("Ex.") A. Therefore, El Hakim had sixty days (*i.e.*, until March 21, 2022) to file a motion to be appointed as Lead Plaintiff. As a purchaser of NRx shares during the Class Period, El Hakim is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, El Hakim attest that he has reviewed the complaint, adopt the allegations therein, and is willing to serve as a representative of the class. *See* Bennett Decl., Ex. B. Accordingly, El Hakim satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2.    El Hakim Has the Largest Financial Interest

The PSLRA requires a court adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, El Hakim believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

El Hakim purchased NRx shares during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Bennett Decl., Ex. C. To the best of his knowledge, El Hakim is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, El Hakim believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3.    El Hakim Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the relevant inquiry is whether the movant has made a *prima facie* showing of typicality and adequacy. *See Wigginton v. Advance Auto Parts, Inc.*, No. 18-cv-212, 2018 WL 5729733, at *4 (D. Del. Nov. 2, 2018).

### a)    Rangel's and Zacharias's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and

plaintiff's claims are based on the same legal theory. *See In re Merck & Co., Inc. Sec.*, No. 05-cv-1151, 2013 WL 396117, at \*5 (D.N.J. Jan. 30, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.* at \*7; *see also Wigginton*, 2018 WL 5729733, at \*4.

El Hakim's claims are typical of the claims asserted by the proposed class. Like all members of the class, El Hakim alleges that Defendants' material misstatements and omissions concerning NRx's business, operations, and financial prospects violated the federal securities laws. El Hakim, like all members of the class, purchased NRx shares in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, El Hakim's interests and claims are "typical" of the interests and claims of the class.

### b)      El Hakim Is an Adequate Representative

The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Wigginton*, 2018 WL 5729733, at \*4; *see also In re Pharmaprint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 WL 31056813, at \*6 (D.N.J. Apr. 17, 2002).

El Hakim has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Bennett Decl., Ex. C. El Hakim resides in Sarasota, Florida, works in sales at BMW of Sarasota, and manages his own investment portfolio. El Hakim is also not aware of any conflict between his claims and those asserted on behalf of the class.

6

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel." *Wigginton*, 2018 WL 5729733, at \*6 (quoting *Cendant*, 264 F.3d at 276). Here, El Hakim has selected Glancy Prongay & Murray LLP as lead counsel and Cooch and Taylor, P.A. as liaison counsel. The firms have successfully prosecuted numerous securities class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Bennett Decl., Exs. D and E, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve El Hakim's selection of counsel.

## III.     CONCLUSION

For the foregoing reasons, El Hakim respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Hassan El Hakim as lead plaintiff; (2) approving El Hakim's selection of Glancy Prongay & Murray LLP as lead counsel and Cooch and Taylor, P.A. as liaison counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

DATED: March 21, 2022                    Respectfully submitted,

                                         **COOCH AND TAYLOR, P.A.**

                                         By:   */s/ Blake A. Bennett*
                                         Blake A. Bennett (#5133)
                                         The Nemours Building
                                         1007 N. Orange St., Suite 1120
                                         Wilmington, DE 19801
                                         Telephone: (302) 984-3800
                                         Facsimile: (302) 984-3939
                                         Email: bbennett@coochtaylor.com

*Liaison Counsel for Lead Plaintiff Movant Hassan El Hakim and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Counsel for Lead Plaintiff Movant Hassan El Hakim and Proposed Lead Counsel for the Class*

8